**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

TREMAINE G. BISHOP,

    Petitioner,

    v.

BABINSKYY VOLODYMYR
CRISTOPHER,

    Respondent.

Civil Action No.:  ABA-26-0823

**MEMORANDUM OPINION**

On February 26, 2026, the Court received Tremaine G. Bishop's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, along with a motion to proceed in forma pauperis.  ECF Nos. 1-2.  As it appears that Bishop is indigent, the motion will be granted.  ECF No. 2.

Bishop is in pretrial confinement at the Carroll County Detention Center and asserts that his rights are being violated because he has been denied pre-trial release.  Bishop has a pending state court criminal case.  *See State v. Bishop*, Case No. C-06-CR-26-000077 (Carroll Co. Cir. Ct.).[1]  The docket shows that Bishop is being held without bond and has a trial date set for August 5-7, 2026.  The docket does not reflect that Bishop pursued a state habeas corpus petition or request for bail review in the Circuit Court and then appealed a denial of that petition to the Appellate Court of Maryland as authorized by MD. CODE ANN., CTS. & JUD. PROC. § 3-707 (West 2023). *Id.*

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the

---

[1] Available at http://casesearch.courts.state.md.us/casesearch/.

federal court. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying court intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Here, there are procedures in place to protect Bishop's rights that have not been accessed or utilized. Bishop may request a bail review in the state court or file a petition for writ of habeas corpus in state court. Therefore, he has failed to exhaust available state remedies.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Petitioner from seeking permission to file a successive petition or from pursuing his

claims upon receiving such permission.  Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.[2]

A separate Order follows.

Date:  May 18, 2026

_____/s/_____
Adam B. Abelson
United States District Judge

---

[2] Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting a certificate of appealability from the appellate court.